# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAYVON WRIGHT, ANTOINE MURREY, and KEITH MEDLEY, individually, and on behalf of a Class of others similarly situated, | ) ) ) C.A. No. 13-1966-SLR-SRF |
| Plaintiffs, | ) ) CLASS ACTION COMPLAINT |
| v. | ) ) JURY TRIAL DEMANDED |
| City of Wilmington, | ) ) |
| Defendant. | ) |

**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**


**THE NORMAN LAW FIRM**

DATED: February 16, 2016

*/s/ Stephen P. Norman*
Stephen P. Norman, Esquire, Bar. No. 4620
Daniel C. Herr, Esquire, Bar No. 5497
The Norman Law Firm
30838 Vines Creek Road, Unit 3
Dagsboro, DE 19939
(302) 537-3788
snorman@thenormanlawfirm.com
*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ............................................................................................................ ii

**CASE STATUS** ............................................................................................................................ 1

**PERTINENT FACTS** .................................................................................................................... 1

**ARGUMENT** ................................................................................................................................ 2

    **I.   The Magistrate Judge Failed to Properly Determine Ascertainability** ........................ 2

    **II.  The Magistrate Judge Failed to Properly Determine Numerosity** ............................. 3

    **III. The Magistrate Judge Failed to Properly Determine Typicality** ............................... 4

    **IV. The Magistrate Judge Failed to Properly Determine Adequacy** ............................... 5

    **V.  The Magistrate Judge Failed to Properly Apply Rule 23(b)(2)** ................................. 6

    **VI. The Magistrate Judge Failed to Properly Apply Rule 23(b)(3)** ................................. 8

    **VII. The Magistrate Judge Improperly Dismissed the Motion to Compel as Moot** ..... 9

    **CONCLUSION** ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*Cf. Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) ........................................ 7

*Falcon*, 457 U.S. 147 (1982) ................................................................................................... 6, 9

*Wal-Mart Stores, Inc., v. Dukes*, 131 S.Ct. 2541 (2011) ............................................................... 8

**Third Circuit Cases**

*Baby Neal v. Casey,* 43 F.3d 48 (3d Cir.1994) ............................................................................. 4

*Beck v. Maximus*, 457 F.3d 291, 297 (3d Cir.2006) ................................................................. 4, 9

*Byrd v. Aaron's, Inc.,* 784 F.3d 154 (3rd Cir. 2015) ..................................................................... 2

*Carrera v. Bayer Corp.,* 727 F.3d 300 (3d Cir. 2013) ................................................................... 2

*Hassine v. Jeffes*, 846 F.2d 169 (3d Cir.1988) ............................................................................. 4

*In re Community Bank of Northern Virginia*, 418 F.3d 277, 306 (3d Cir.2005) ........................... 8

*In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768 (3rd
    Cir.1995) ................................................................................................................................ 4

*In Re Schering*, 589 F.3d 585, at 596 (3rd Cir 2009) .................................................................... 9

*Marcus v. BMW of N. America, LLC*, 687 F. 3d 583 (3d Cir. 2012). ....................................... 1, 2

**Federal Cases**

*Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998) .................................................. 7

*Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331 (11th Cir. 2003) .............. 6

*Blades v. Monsanto Co.*, 400 F.3d 562 (8th Cir. 2005) .............................................................. 10

*Cotterall v. Paul*, 755 F.2d 777 (11th Cir.1985) ........................................................................... 6

*Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304 (9th Cir.1977) .................................................. 10

*Gariery v. Grant Thornton LLP*, 368 F.3d 356, 366 (4th Cir. 2004) .......................................... 10

*Gaudin v Saxon Mortgage Services*, Inc., 297 F.R.D. 417, 2013 WL 4029043 (N.D.Cal.2013)... 9

*In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 574 F.3d 29 (2d Cir.2009) .................................... 5

*In re IPO*, 471 F.3d 24 (2nd Cir.2006) ........................................................................................ 10

*In re New Motor Vehicles Canadian Export Antitrust Litig.*, 522 F.3d 6 (1st Cir. 2008) ............ 10

*Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir.1985) ..................................................................... 10

*Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir.2002) ................................................. 9

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 259 F.3d 154 (3d Cir.2001) ............... 4, 9

*Perez v. Safelite Group, Inc.,* 2014 WL 212355 (9th Cir. 2014) .................................................. 10

*Regents of the Univ. of Cal. v. Credit Suisse First Boston*, 482 F.3d 372 (5th Cir. 2007) ........... 10

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir.1993) ........................................................................... 5

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir.2009) ................................................ 6

*Szabo v. Bridgeport Machs., Inc.,* 249 F.3d 672 (7th Cir. 2001) ................................................. 10

*Teva Pharmaceuticals USA, Inc. v. Abbott Laboratories*, 252 F.R.D. 213 (D.Del. 2008) ............. 8

*Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009) ...................................................... 10

*Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009) ........................................... 10

**Other Authorities**

*Casale v. Kelly*, 257 F.R.D. 396 (S.D.N.Y. 2009) ......................................................................... 3

*In re Nassau County Strip Search Cases*, 461 F.3d 219 (2d Cir.2006) ......................................... 3

*Loper v. New York City Police Dep't*, 135 F.R.D. 81 (S.D.N.Y.1991) ......................................... 6

*Stinson v. City of New York*, 282 F.R.D. 360 (2012) ............................................................ passim

**Rules**

Fed.R.Civ.P. 23(b)(2) .................................................................................................................... 7

**CASE STATUS**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, and the Standing Order for Objections Filed Under Fed. R. Civ. P. 72, Plaintiffs object to the Magistrate Judge's Report and Recommendation (D.I. 52), filed on January 28, 2016.  The Magistrate erred in recommending that the Court deny Plaintiffs' Motion for Class Certification (D.I. 3), and further deny as moot Plaintiff's Motion to Compel (D.I. 17).  Accordingly, the Court should decline to adopt the R&R, sustain Plaintiffs' Objections, and grant both Plaintiffs' Motion for Class Certification and Plaintiffs' Motion to Compel Discovery.

**PERTINENT FACTS**

Plaintiffs have alleged, in their Amended Complaint, that pursuant to policy and custom, the Defendant engaged in a pattern and practice of handcuffing, transporting, searching, and detaining individuals based only on reasonable suspicion, in violation of the United States Constitution, as well as federal and state law.  (D.I. 30, Ex. A).  Plaintiffs further allege that Defendants kept records of those persons subjected to the policy by noting "n/a" in the "charge(s)" column of the Department's Turnkey Prisoner Log (since these persons were never charged with a crime. (*see*, Amended Complaint, at ¶¶ 38-39), or by noting "ID" in the "disposition" column of the same form (*Id*., at ¶ 40).  Plaintiffs have alleged that the designation "ID" stands for Investigatory Detention, which is Defendants' normal procedure pursuant to the target policy.  (*Id*., at ¶¶ 31; 41).  Plaintiffs have alleged that persons detained under WPD's unconstitutional policy that were never charged with a crime are readily ascertainable from the Turnkey Prisoner Log.  (*Id*., at ¶ 38).  Additionally, prisoners charged with resisting arrest in the "charge(s)" column with <u>no underlying charge</u> to support the initial detention also were likely taken into custody pursuant to WPD's investigatory detention policy.  (*Id*., at ¶¶ 43-44).

1

# ARGUMENT

Plaintiffs dispute the Rule 23 analysis undertaken by the Magistrate Judge in this case. Plaintiffs point to the analysis of the U.S. District Court for the Southern District of New York, in deciding *Stinson v. City of New York*, 282 F.R.D. 360 (2012), as persuasive. The *Stinson* court considered a motion for class certification in the context of allegations of unconstitutional pattern and practice by a city police department, substantially similar to the allegations in the instant case. Plaintiffs contend that the analysis undertaken by <u>that</u> court, in granting the motion for class certification, is proper given the case precedent on which this Court must rely. In addition, the Magistrate Judge's findings that class certification, and pre-certification discovery, were not appropriate are inconsistent with controlling case precedent.

**I.   The Magistrate Judge Failed to Properly Determine Ascertainability**

The conclusion reached by the Magistrate Judge was that, in order to ascertain members of plaintiffs' proposed class, the court would have to engage in individualized "mini-trials. (D.I. 52, at 7). The Magistrate Judge's analysis is flawed. [9] The ascertainability inquiry is two-fold, requiring a plaintiff to show that: (1) the class is "defined with reference to objective criteria"; and (2) there is "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Byrd v. Aaron's, Inc.,* 784 F.3d 154 (3rd Cir. 2015) (citing, *Marcus*, 687 F.3d 583, 593-594 (3d. Cir. 2012). The ascertainability requirement consists of nothing more than these two inquiries. A plaintiff need only show "class members can be identified." *Id*., at 163. (citing, *Carrera v. Bayer,* 727 F.3d 300 (3d Cir.2013).

The Third Circuit, in *Byrd*, noted, "[w]e were careful to specify in Carrera that "[a]lthough some evidence used to satisfy ascertainability, such as corporate records, will actually identify class members at the certification stage, ascertainability only requires the plaintiff to show that

class members *can be identified*." *Byrd*, at 164. Likewise, the U.S. District Court for the Southern District of New York, in deciding *Stinson v. City of New York*, 282 F.R.D. 360 (2012), held that, [t]he standard for ascertainability 'is not demanding.' It is designed only to prevent the certification of a class whose membership is truly indeterminable."

Courts have rejected the notion that certifying a class in this context would require a "parade of mini-trials." The court in *Stinson* relied upon a Second Circuit decision in reaching this conclusion. "The Court rejected this contention, noting that "[t]he Second Circuit recently held in a similar Fourth Amendment class action that, '[i]n light of the pervasive character of the common liability issues and the admitted *de minimis* nature of individualized liability issues,' a district court had abused its discretion by finding that individual issues predominated. This Court will not repeat that mistake." *Stinson*[1], at 378. The reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition is the particular designations of certain detainees in Defendants' Prisoner Turnkey Logs. Certain designations denote detention without probable cause.[2] Thus the class is ascertainable.

## II. The Magistrate Judge Failed to Properly Determine Numerosity[3]

The Magistrate Judge determined that Plaintiffs failed to identify a sufficient number of persons to warrant class certification. (D.I. 52, at 8). She further indicated that pre-certification discovery – for the purpose of identifying additional putative class members - would be futile,

---

[1] Citing, *Casale v. Kelly*, 257 F.R.D. 396 (S.D.N.Y. 2009); *In re Nassau County Strip Search Cases*, 461 F.3d 219, 225 (2d Cir.2006)).
[2] This argument also supports Plaintiffs' position that pre-certification discovery should have been granted, so that Plaintiffs could explore the various designations of detainees pursuant to the investigatory detention policy.
[3] Here, there was not a true analysis of numerosity. Instead the Magistrate Judge indicated that there was an insufficient number to qualify the class as numerous, and other factors weighing against certification rendered discussion of the issue superfluous.

based on other findings.[4] *Id*. Plaintiffs contend that, because the Magistrate Judge erred in the analysis of the requirements of Rule 23, as discussed more fully below, and failed to grant Plaintiffs pre-certification discovery (also discussed more fully below) a full consideration of numerosity is mandated, after discovery aimed at identifying putative class members.

**III.     The Magistrate Judge Failed to Properly Determine Typicality**

The Magistrate Judge did not determine if Plaintiffs cleared the hurdle of typicality. Instead, the finding was that "a definitive resolution of this inquiry would not remove the obstacles to class certification . . ." (D.I. 52, at 11). The Magistrate Judge improperly focused the inquiry on whether questions of individual proof would become the focus of the litigation. *Id*. Contrary to the Magistrate Judge's analysis, the Third Circuit has held that the typicality requirement "ensures that the class representatives are sufficiently similar to the rest of the class—in terms of their legal claims, factual circumstances, and stake in the litigation—so that certifying those individuals to represent the class will be fair to the rest of the proposed class". See, *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 259 F.3d 154, 167 (3d Cir.2001).[5] In addition, the similarity between claims or defenses of the representative and those of the class does not have to be perfect. *Baby Neal v. Casey,* 43 F.3d 48, 56 (3d Cir.1994); *Hassine v. Jeffes*, 846 F.2d 169 (3d Cir.1988). Instead, the Third Circuit has held that the named plaintiffs' claims must merely be "typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck*, 457 F.3d at 295–96. The requirement is met

---

[4] The Magistrate Judge <u>admits</u>, however, "The turnkey log and other evidence referenced by plaintiffs may supply the identities of additional class members sufficient to meet the numerosity requirement and the Third Circuit encourages the district court to conduct a 'rigorous analysis' of the evidence and arguments that 'resolve[s] all factual or legal disputes relevant to class certification."

[5] See also, *Beck v. Maximus*, 457 F.3d 291, 297 (3d Cir.2006*); In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768 (3d Cir.1995).

here, where all class members have been subject to the same policy of being handcuffed, transported, searched and detained without probable cause.

The *Stinson* court analyzed the same issue. It stated, "[t]o establish typicality under Rule 23(a)(3), the party seeking certification must show that 'each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." See, *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir.2009) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir.1993)). In finding the typicality requirement to be met, the court held, "The sole theory of liability in this case is that Defendants have a pattern and practice of issuing summonses without probable cause for behavior that did not occur or that does not constitute a summonsable offense. As such, the claims here "arise[ ] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Stinson*, 282 F.R.D. at 370.

Plaintiffs in the case at bar have clearly established that, like the *Stinson* plaintiffs, the sole theory of liability against the City of Wilmington is that Defendants have a pattern and practice of handcuffing, transporting, searching, and detaining individuals based only on reasonable suspicion. All claims arise from the same course of events, and each member of the class will make similar legal arguments to prove the Defendant's liability. As such, the typicality standard is satisfied ("When the same unlawful conduct was directed at or affected both the named plaintiffs and the prospective class, typicality is usually met.)" *Id.*, at 371.

### IV. The Magistrate Judge Failed to Properly Determine Adequacy

The Magistrate Judge asserts that one of the named Plaintiffs, Jayvon Wright, is not an adequate representative of the class. (D.I. 52, at 12). That said, the claims of the class

5

representative need not be identical to the claims of class members. *Falcon*, 457 U.S. 147 (1982). And adequacy is satisfied as long as *one* class representative is adequate. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir.2009). Moreover, the court has the authority to remedy flaws in the class. In *Cotterall v. Paul*, 755 F.2d 777 (11th Cir.1985), plaintiff filed a class action challenging the conditions in an Alabama county jail. The district court denied certification, in part, because Cotterall was not an adequate representative. *Id*. at 781. Yet, at the same time, the court had pending two motions to intervene by adequate representatives, which it denied as moot because it had refused to certify the class. *Id*. The Eleventh Circuit court reversed, holding that it was error for the district court to deny class certification "on the ground that the named plaintiff was an inadequate class representative without first making a specific finding that the would-be intervenors would be inadequate representatives as well." *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331 (11th Cir. 2003) (citing *Cotterall*). The Magistrate Judge here has made no indication that the remaining class representatives could not adequately serve the class as alleged. In short, the adequacy requirement can ostensibly be satisfied simply by dismissing Mr. Wright as a class representative or making him the representative of a sub-class.

### V.  The Magistrate Judge Failed to Properly Apply Rule 23(b)(2)

Class certification under Rule 23(b)(2) is particularly appropriate in civil rights litigation. See, *Stinson*, 282 F.R.D. 360, 379 (citing, *Loper v. New York City Police Dep't*, 135 F.R.D. 81, 83 (S.D.N.Y.1991) ("Without class certification, their case—as its requested relief with respect to all similarly situated persons—could fail on technicality. Indeed, it is in part for concerns such as these that civil rights actions are paradigmatic 23(b)(2) class suits."). Here, Plaintiffs have established that Defendants "acted ... on grounds generally applicable to the class, thereby

6

making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

The Magistrate Judge found that Plaintiffs failed to meet the requirements of Rule 23(b)(2) because Plaintiffs seek compensatory damages, and "the requested money damages are not incidental to the injunctive and declaratory relief sought." (D.I. 52, at 14). The Magistrate Judge also found that "determining each class member's monetary damages will require an individualized analysis of the factual circumstances of his or her detention." *Id*. The question is, are the money damages sought by the class incidental to the declaratory or injunctive relief, or do the money damages predominate?

Monetary relief "predominates" under Rule 23(b)(2) when its presence in the litigation suggests that the procedural safeguards of notice and opt-out are necessary, that is, when the monetary relief being sought is less of a group remedy and instead depends more on the varying circumstances and merits of each potential class member's case. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998) (citing *Cf. Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). The *Stinson* court drew an important distinction regarding monetary damages in the civil rights context. In *Stinson*, as in the instant case, plaintiffs sought certification under both Rule 23(b)(2) and Rule 23(b)(3). The court held that "the defendants' alleged unconstitutional practice of issuing summonses without probable cause represents a threat to personal liberty, and the Amended Class Action Complaint includes allegations that some Plaintiffs have been subject to repeated harassment. Although the size of the class is large, the Amended Class Action Complaint reveals Plaintiffs to have each suffered a small amount of quantifiable damage, thereby suggesting that receipt of monetary damages is not the motivation behind this suit, but rather 'incidental to requested injunctive or declaratory relief.'" *Stinson*, 282

7

F.R.D. 360, 379 (citing, *Wal-Mart Stores, Inc., v. Dukes*, 131 S.Ct. 2541, at 2560 (2011)). The same is true in the case at bar. Although the class does seek money damages, Defendants' contention that money damages are the predominant form of relief sought is unsupported. Plaintiffs allege that the class consists of people who are detained for less than two (2) hours, then released. The cost associated with bringing an individual civil rights action would be far outweighed by the anticipated level of damages.[6] As such, the declaratory/injunctive relief sought predominates, and certification pursuant to Rule 23(b)(2) is appropriate.

## VI. The Magistrate Judge Failed to Properly Apply Rule 23(b)(3)

The Magistrate Judge determined that the requirements of Rule 23(b)(3) were not satisfied because "the need for individualized findings of the factual circumstances and relevant legal classifications surrounding each detention precludes class certification. This is error, as the Magistrate presented no basis for the finding that "each individual's claim raises radically different factual and legal issues from those of other plaintiffs." (D.I. 52, at 15).

Although common issues must predominate over individual inquiries, the existence of an individual inquiry does not preclude class certification, especially where all members face the necessity of proving the same fraudulent scheme. *Teva Pharmaceuticals USA, Inc. v. Abbott Laboratories*, 252 F.R.D. 213 (D.Del. 2008) (citing, *In re Community Bank of Northern Virginia*, 418 F.3d 277, 306 (3d Cir.2005)). Similarly, "individualized damages calculations do not defeat a Rule 23(b)(3) certification if the predominance requirement is otherwise met." *Id*., at 227.

---

[6] There is no evidence that even one individual action has been filed which seeks relief pursuant to the particular policy at issue. Meanwhile, many potential class members have likely lost their individual right to bring a claim due to the running of the state's statute of limitations in the two years that this case has been pending.

8

"Class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir.2002). Plaintiffs, here, present a common theory of liability involving a WPD policy of handcuffing, transporting, searching, and detaining individuals without probable cause. Because the plaintiffs' claims brought under this theory involve sufficient common issues of law and fact subject to generalized proof, the predominance requirement of Rule 23(b)(3) is satisfied. See, *Stinson*, 282 F.R.D. 360, 383-384. The Magistrate Judge's finding improperly assumes that individualized fact finding is necessary in order to determine liability[7]. The focus must be on Defendants' implementation of an unconstitutional policy, not the details of each detention. Moreover, a class may be certified solely on the basis of common liability, with individual damages determinations left to subsequent proceedings. *Gaudin v Saxon Mortgage Services, Inc.*, 297 F.R.D. 417 (N.D.Cal.2013). Plaintiffs have satisfied Rule 23(b)(3) as each class member has been subjected to the WPD policy, and common liability is the predominant issue.[8]

## VII.  The Magistrate Judge Improperly Dismissed the Motion to Compel as Moot

The Third Circuit has made clear, "we have instructed district courts, where appropriate, to 'delve beyond the pleadings to determine whether the requirements for class certification are satisfied.'" *In Re Schering*, 589 F.3d 585, at 596 (3rd Cir 2009).[9] Other circuits have agreed, stating, "In deciding whether to certify a class under Fed. R. Civ.P. 23, the district court must

---

[7] It must also be noted that much of the Magistrate Judge's findings rely upon this erroneous conclusion.
[8] The second requirement of Rule 23(b)(3) is that the class action is superior to other methods for fairly and efficiently adjudicating the controversy. This is self-evident, but was not specifically discussed.
[9] Quoting *Beck*, 457 F.3d 291, 297 (3d Cir.2006); *Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); and *Newton*, 259 F.3d 154, 167 (3d Cir.2001).

make whatever factual and legal inquiries are necessary and must consider all relevant evidence and arguments presented by the parties." *In re IPO*, 471 F.3d 24 (2nd Cir.2006) (vacating district court's denial of class certification based on court's determination that plaintiffs had not made a sufficient showing to meet these requirements).[10] It is a mystery then as to why the Magistrate Judge would not grant Plaintiffs' request for pre-certification discovery, despite her acknowledgement that a rigorous analysis of all issues is required. Certainly, the Court cannot meet the "rigorous analysis" standard without permitting Plaintiffs to explore the factual lynchpins of their Amended Complaint to determine if a suitable class exists.

Finally, the plaintiff in a class action "bears the burden of ... showing that ... discovery is likely to produce substantiation of the class allegations." *Perez v. Safelite Group, Inc.,* 2014 WL 212355 (9th Cir. 2014)(citing *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir.1985). Once this showing is made, it is an abuse of discretion to deny pre-certification discovery. *Id*. (citing *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir.1977)). Plaintiffs here have demonstrated that there is evidence that – if explored – may substantiate the class allegations.

## CONCLUSION

For the foregoing reasons, the Court should reject the Magistrate Judge's Report and Recommendation (D.I. 52), and grant Plaintiffs' Motion for Class Certification. In the alternative, the Court should grant Plaintiffs pre-certification discovery and stay resolution of the Motion for Class Certification until discovery is complete.

---

[10] See also, *Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009); *Gariery v. Grant Thornton LLP*, 368 F.3d 356, 366 (4th Cir. 2004); *Blades v. Monsanto Co.*, 400 F.3d 562, 575 (8th Cir. 2005); *Regents of the Univ. of Cal. v. Credit Suisse First Boston*, 482 F.3d 372, 380 (5th Cir. 2007); *In re New Motor Vehicles Canadian Export Antitrust Litig*., 522 F.3d 6, 17 (1st Cir. 2008); *Szabo v. Bridgeport Machs., Inc.,* 249 F.3d 672,676 (7th Cir. 2001).