# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAYVON WRIGHT, ANTOINE MURREY, and KEITH MEDLEY, individually, and on behalf of a Class of others similarly situated, | ) ) ) | C.A. No. 13-1966-SLR-SRF |
| | ) | |
| Plaintiffs, | ) | CLASS ACTION COMPLAINT |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| City of Wilmington, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THE NORMAN LAW FIRM**

DATED:  February 24, 2016

*/s/ Stephen P. Norman*
Stephen P. Norman, Esquire, Bar. No. 4620
Daniel C. Herr, Esquire, Bar No. 5497
The Norman Law Firm
30838 Vines Creek Road, Unit 3
Dagsboro, DE 19939
(302) 537-3788
snorman@thenormanlawfirm.com
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................... iii

**CASE STATUS** ................................................................................................................ 1

**PERTINENT FACTS** ...................................................................................................... 1

**ARGUMENT** .................................................................................................................. 2

   **I.**   **LEGAL STANDARDS** ............................................................................... 3

   **II.**      **PLAINTIFFS HAVE STATED PLAUSIBLE CLAIMS** ........................................... 4

    **A**.  **The Complaint Properly Alleges that the City Has Adopted an Unconstitutional Policy.** .................................................................................................................. 4

    **B. The Complaint Properly Alleges that the City Has Adopted an Unconstitutional Custom and Practice.** ........................................................................................ 7

    **C. The Complaint Properly Alleges that the City Has Failed to Properly Train/Supervise its Employees and Agents.** .................................................. 9

    **D.**  **The Complaint Properly Alleges that the City Is the "Moving Force".** .................. 10

**CONCLUSION** .............................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Cases**

*Hicks v. State*, 631 A.2d 6 (Del.1993) ............................................................... 5

**Statutes**

11 Del. C. § 1902 ................................................................................................ 2, 5

**Federal Cases**

*Holmes v. City of Wilmington*, 2015 WL 467989, at *9 (D.Del. 2015)................... 4

*Wooleyhan v. Cape Henlopen Sch. Dist.*, 2011 WL 4048976, at *4 (D.Del. 2011)....... 9

**United States Supreme Court Cases**

*Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) ................ 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........................................................ 4

*City of Oklahoma v. Tuttle,* 471 U.S. 808 (1985) ................................................ 8

*Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979) ............. 6

*Florida v. Royer*, 460 U.S. 491(1983) ................................................................ 6

*Foman v. Davis*, 371 U.S. 178, 182 (1962) .......................................................... 3

*Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868 (1983) ................................................ 5

**Third Circuit Cases**

*Andrews v. City of Phila.*, 895 F.2d 1469 (3d Cir.1990) .................................... 7

*Andrews*, 895 F.2d at 1480 ................................................................................ 8

*Baker v. Monroe Twp.*, 50 F.3d 1186 (3d Cir.1995)........................................ 6, 7

*Carswell v. Borough of Homestead*, 381 F.3d 235 (3d Cir. 2004) ..................... 4

*Carter v. City of Phila.*, 181 F.3d 339 (3d Cir. 1999)..................................................................... 9

*Colburn v. Upper Darby Twp.,* 946 F.2d 1017 (3d Cir.1991) ......................................................... 9

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)............................................................ 3

*In re Burlington Coat Factory Secs. Litig.,* 114 F.3d 1410 (3d Cir.1997) ..................................... 3

*Winer Family Trust v. Queen*, 503 F.3d 319 (3d Cir.2007)........................................................ 3, 8

## CASE STATUS

The Magistrate Judge recently entered her Report and Recommendation (hereinafter, "R & R", D.I. 52), where it was recommended, *inter alia*, that the Court: grant Plaintiff's Motion to Amend Complaint; deny as moot Defendant's Motion to Dismiss; and deny as moot Defendant's Motion for Protective Order.  Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, and the Standing Order for Objections Filed Under Fed. R. Civ. P. 72, Defendant filed Objections to the R & R (D.I. 53), arguing: 1) that Plaintiffs' Complaint fails to state a claim that the Defendant has an unconstitutional policy (D.I. 53, at 1); 2) that Plaintiffs' Complaint fails to state a claim that the Defendant has adopted an unconstitutional custom and practice pursuant to *Monell* (D.I. 53, at 2); and 3) that Plaintiffs' Proposed Amended Complaint would not cure the deficiencies present in the initial Complaint (*Id.*).  The Magistrate judge properly applied the law pertaining to the Motion to Dismiss, and correctly found that Plaintiffs' Amended Complaint was both warranted and sufficient.  Accordingly, the Court should reject the Objections of the Defendant and adopt the Recommendations of the Magistrate as they pertain to Plaintiffs' Motion to Amend, Defendant's Motion to Dismiss, and Defendant's Motion for Protective Order.[1]

## PERTINENT FACTS

Plaintiffs have alleged in their proposed Amended Complaint that, pursuant to policy and custom, the Defendant engaged in a pattern and practice of handcuffing, transporting, searching, and detaining individuals based only on reasonable suspicion, in violation of the United States Constitution, as well as federal and state law.  (D.I. 30, Ex. A).  Plaintiffs specifically allege that

---

[1] The Magistrates R & R also decided Plaintiffs' Motion for Class Certification, which Plaintiffs have addressed separately, in D.I. 55.

Defendant has a written policy, WPD directive 6.10(K)(1), which authorizes its officers to exceed the scope of 11 Del. C. § 1902 *Id.*, at ¶34.  Section 1902 states:

> "(a) A peace officer may stop any person abroad, or in a public place, who the officer has reasonable ground to suspect is committing, has committed or is about to commit a crime, and may demand the person's name, address, business abroad and destination.
>
> (b) Any person so questioned who fails to give identification or explain the person's actions to the satisfaction of the officer may be detained and further questioned and investigated.
>
> (c) The total period of detention provided for by this section shall not exceed 2 hours. The detention is not an arrest and shall not be recorded as an arrest in any official record. At the end of the detention the person so detained shall be released or be arrested and charged with a crime." (Code 1935, § 5343-B; 48 Del. Laws, c. 304; 11 Del. C. 1953, § 1902).

Plaintiffs have alleged in their Amended Complaint facts pertaining to each of the named Plaintiffs, as well as facts pertaining to similarly situated prospective class members.  Each set of facts alleges that Plaintiffs are subjected to Defendant's policy and custom of handcuffing, transporting, searching, and imprisoning citizens based only on reasonable suspicion, which has resulted in injury.  See D.I. 30-2, at ¶¶ 27, 45, 47-127.

## ARGUMENT

Defendant disputes the analysis of Plaintiffs' Complaint, and proposed Amended Complaint, undertaken by the Magistrate Judge in this case.  Defendant first improperly asserts that the Magistrate erroneously recommended that the Court permit Plaintiffs to amend their Complaint.  Defendant then argues that both Plaintiffs' initial Complaint, and the Amended Complaint, fail to state a claim on which relief can be granted.  For the reasons set forth below, Defendant's argument ignores and/or misconstrues the existing law as it relates to a matter bearing on the personal liberties of people in the state of Delaware.  In accordance with the law, Defendant's Objections must be rejected.

Defendant's Objections are, overwhelmingly, a mere recital of its original Motion to Dismiss. There is little given by Defendant in specific response to the authority relied upon by the Magistrate Judge in her R & R. The R & R properly addresses Plaintiffs' Motion to Amend and Correct Complaint (D.I. 30), setting forth that "[t]he court should freely give leave when justice so requires." (D.I. 52, at 16) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997). Defendant devotes not a single word of its Objections to the established precedent that Plaintiffs are entitled to amend their Complaint as a matter of law, absent a showing to the contrary by Defendant.[2]

## I.   LEGAL STANDARDS

In order to dismiss Plaintiffs' Amended Complaint, the amended pleading must fail to state a claim upon which relief could be granted even after the court "takes all pleaded allegations as true and view[s] them in a light most favorable to the plaintiff." *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir.2007). As Defendant acknowledges in its Objections, the Court engages in a two-part analysis in determining whether dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).[3] First, the Court accepts as true all well-pled factual allegations, but may disregard legal conclusions. *Id*. at 210-11. Second, the Court must determine whether the factual allegations establish that the Plaintiffs have a "plausible claim for relief." *Id*. at 211. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[2] Defendant having failed to present any valid reason that Plaintiffs should not be permitted to amend their Complaint, Plaintiffs will limit their response to Defendant's arguments to an analysis of the allegations in the Amended Complaint.

[3] As the Magistrate Judge properly points out, the standard is the same for determining "futility" in the context of Plaintiffs' Motion to Amend the Complaint. (D.I. 52, at 17).

678 (2009).

## II.    PLAINTIFFS HAVE STATED PLAUSIBLE CLAIMS

In the context of this § 1983 action, Plaintiffs must satisfy an enhanced pleading standard. The Magistrate Judge set forth the roadmap for her analysis by properly stating, "a Plaintiff seeking to recover from a municipality must: '(1) identify an allegedly unconstitutional policy or custom; (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the 'moving force' behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights.'" (D.I. 52, at 17) (citing, *Holmes v. City of Wilmington*, 2015 WL 467989, at *9 (D.Del. 2015).

Plaintiffs have indeed "identif[ied] a municipal policy or custom that amounts to deliberate indifference to the rights of people with whom the police come into contact." *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004) (internal citations omitted).  As reported by the Magistrate, and as will be further set forth herein, Plaintiffs have satisfied each of the pleading requirements, and sufficiently stated a claim upon which relief can be granted.

## A.    The Complaint Properly Alleges that the City Has Adopted an Unconstitutional Policy.

The Magistrate Judge found that Plaintiffs' proposed Amended Complaint sufficiently alleged a policy in violation of § 1983 "because it identifies the Directive as an allegedly unconstitutional policy that caused plaintiffs' injuries." (D.I. 52, at 18).  The Magistrate opined, "[v]iewing plaintiffs' characterization of the Directive's language in conjunction with the facts surrounding the three incidents set forth in the amended complaint, the court concludes that a reasonable jury could credit plaintiffs' allegations." *Id*.

Defendant argues, in its Objections, that the Directive cited by Plaintiffs in their proposed Amended Complaint is valid because it "directs officers to review and follow a valid state statute – 11 Del. C. § 1902." (D.I. 53, at 7). Defendant further asserts that the state statute on which the Directive was based has been upheld by various courts as valid. *Id.*, at 8.

As set forth above, § 1902 does not specifically permit handcuffing, transporting, searching, or imprisoning. Instead, the statute upon which Defendant admittedly based the Directive in question allows only a stop to "demand the suspected person's name, address, business abroad and destination." 11 Del. C. § 1902(a). The statute permits a longer detention <u>only</u> in situations where the person fails to give identification or a satisfactory explanation of his actions. 11 Del. C. § 1902(b) (emphasis added). Defendant's argument that the Delaware investigatory detention statute has been repeatedly upheld is misleading in this context. That which has been upheld in no way resembles that which is alleged in the proposed Amended Complaint to violate the Constitution. Defendants cite several cases in support of their contention. All are problematic.

First, Defendants cite *Hicks v. State*, 631 A.2d 6 (Del.1993) for the proposition that handcuffing, transport, and detention on less than probable cause has been found permissible by courts for purposes of officer safety. (D.I. 53, at 8). Defendant neglects to point out that the Supreme Court of Delaware, in deciding *Hicks*, found that the officer exceeded the permissible scope of detention by engaging in a search of the suspect's person without probable cause. *Hicks,* at 11. In no way did the court justify any sort of intrusive investigatory detention as suggested by Defendant here. Rather, the court held that an investigatory detention "must be reasonably related in scope to the circumstances which first justified the interference." (citing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868 (1983)). The court took great pains to clarify that the circumstances in which

5

a "*Terry* stop" that includes handcuffing, transport, searching and detention, is justified will be extremely rare.

Defendant next cites *Florida v. Royer*, 460 U.S. 491(1983) and *Baker v. Monroe Twp*., 50 F.3d 1186 (3d Cir.1995) in support of its argument that "there are no per se rules regarding whether (or when) handcuffing and transporting a suspect to the police station converts investigatory detention into an arrest requiring probable cause." (D.I. 53, 8-9). Again, careful review of these cases reveals that the *Royer* case contains those words, but in totality stands for a completely different concept. The Supreme Court, in *Royer*, contemplated an investigatory detention at an airport. It held that, "[a] police confinement which . . . goes beyond the limited restraint of a *Terry* investigatory stop may be constitutionally justified only by probable cause." *Id*., citing *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). Again, the Supreme Court was careful to point out that "*Terry* created a limited exception to this general rule: certain seizures are justifiable under the Fourth Amendment if there is articulable suspicion that a person has committed or is about to commit a crime. In that case, a stop and a frisk for weapons were found unexceptionable." *Id*., at 498, citing, *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). "*Terry* and its progeny nevertheless created only limited exceptions to the general rule that seizures of the person require probable cause to arrest. Detentions may be "investigative" yet violative of the Fourth Amendment absent probable cause. In the name of investigating a person who is no more than suspected of criminal activity, the police may not carry out a full search of the person or of his automobile or other effects. Nor may the police seek to verify their suspicions by means that approach the conditions of arrest." *Royer*, at 499.

Plaintiffs' proposed Amended Complaint contains significant factual allegations regarding the manner in which the policy was implemented against each of the named Plaintiffs. Each was

searched in a manner which exceeded the scope of § 1902 and/or the conduct deemed constitutional in case precedent.  Moreover, as established by the Magistrate, Plaintiffs Amended Complaint sufficiently alleged that the injuries sustained by the Plaintiffs had a direct causal link to the Directive.  As the facts here must be taken as true, Plaintiffs have met their burden regarding the establishment of an unconstitutional policy.

In addition, Defendant's policy is unconstitutional on its face, in part because it encourages searches without probable cause.  See *Baker*, 50 F.3d at 1194 (searches having nothing to do with a limited *Terry*-frisk, and having no probable cause justification constitute Fourth Amendment violations.).

**B.     The Complaint Properly Alleges that the City Has Adopted an Unconstitutional Custom and Practice.**

"A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of . . . officials [are] so permanent and well settled' as to virtually constitute law." *Andrews v. City of Phila.*, 895 F.2d 1469,1480 (3d Cir.1990).  The Magistrate Judge determined that Plaintiffs have "establish[ed] the existence of a custom of handcuffing, transporting, searching, and detaining individuals based only on reasonable suspicion in violation 42 U.S.C. § 1983. (D.I. 52, at 21).  Specifically, the Magistrate noted that, "Allegations regarding the five named plaintiffs, Gestwicki and Schifano's testimony, and the contents of the turnkey log plausibly show that the 'practice is so well-settled and widespread that the policymaking officials have either actual or constructive knowledge of it.'" *Id.*

Defendant objected, and argues: 1) that the deposition excerpts of Gestwicki and Schifano were relied upon out of context by the Magistrate; 2) that the proposed Amended Complaint does not contain sufficient factual allegations to establish a custom; and 3) that the three incidents

alleged in the proposed Amended Complaint are an insufficient number to support a *Monell* "custom or practice" cause of action.  (D.I. 53, at 9-10).

Defendant's argument regarding the context of the deposition testimony cited in the proposed Amended Complaint is without merit.  Both Gestwicki and Schifano testified about the policy in broad, descriptive terms, notwithstanding any hypothetical.  Moreover, the defense of context is misplaced here.  For purposes of a Rule 15 analysis, the Court must accept the allegations in the proposed Amended Complaint as true.  *Winer*, 503 F.3d 319, 331 (3d Cir.2007).  As such, a factual defense is inconsequential to the Court's analysis.

Defendant next asserts that the proposed Amended Complaint contains insufficient facts, and too few instances of application to establish a course of conduct "so permanent and well settled as to virtually constitute law."   (D.I. 53, at 10) (citing *Andrews*, 895 F.2d at 1480).  Again, the Magistrate's analysis defeats Defendant's objection.   A reasonable reading of the proposed Amended Complaint illustrates that Plaintiffs have alleged significant facts which support the general allegation that the Defendant has a custom and practice of engaging in unconstitutional investigatory detentions.  Plaintiffs have provided detailed allegations of three separate instances in which the practice was implemented against the named plaintiffs.  In addition, Plaintiffs allege that there is documentary evidence of the practice.  (D.I. 30-2, ¶ 32).  Finally, Plaintiffs allege that two of Defendant's police officers admit that the custom and practice exists.  *Id*., at ¶¶ 29, 32.

Defendant's assertion regarding sufficiency of the number of alleged incidents is also legally incorrect.  Defendant relied upon *City of Oklahoma v. Tuttle,* 471 U.S. 808, 824 (1985) for the proposition that showing a pattern in a 42 U.S.C. § 1983 claim requires "considerably more proof than a single incident." The Magistrate properly found that, "Defendant's assertion that two incidents are insufficient as a matter of law to establish a pattern of conduct ignores the proposition

that a single application of a well-settled custom is sufficient if it was done pursuant to official policy. *Wooleyhan v. Cape Henlopen Sch. Dist.*, 2011 WL 4048976, at *4 (D.Del. 2011).  (D.I. 52, at 22).  Clearly, Plaintiffs have alleged that Directive 6.10(K)(1) is an official, written policy. (D.I. 30-2 at ¶¶ 32, 34-37).  As such, a single application of the policy would be sufficient to satisfy the standard that a custom exists.  Plaintiffs have alleged three applications in their proposed Amended Complaint, which is more than enough in accordance with the prevailing law.

**C.    The Complaint Properly Alleges that the City Has Failed to Properly Train/Supervise its Employees and Agents.**

The Magistrate Judge found that the "allegations in the amended complaint, taken as true, sufficiently establish deficiencies in training amounting to deliberate indifference. Specifically, the amended complaint states that defendant 'failed to adequately and properly supervise and train its police officers in various aspects of law enforcement procedure, including but not limited to, the nature and existence of probable cause, on the constitutional limitations on investigative stops, detentions, searches and seizures, and on the [l]aws of Delaware.'" (D.I. 52, at 24).

Defendant, in its Objections,  relied on *Colburn v. Upper Darby Twp.,* 946 F.2d 1017 (3d Cir.1991) in support of its assertion that, "to establish municipal liability the Plaintiffs must identify specific training deficiencies . . ." (D.I. 53, at 7).  The Magistrate's R &R directed the Court to the Third Circuit holding in *Carter v. City of Phila.*, 181 F.3d 339 (3d Cir. 1999) to emphasize that *Colburn* was no longer the applicable standard. (D.I. 52, at 24).   Instead, the Third Circuit, in *Carter*, held that, "a plaintiff may reasonably surmise that a pattern of misconduct reflects inadequate training and supervision, but the plaintiff cannot be "expected to know, without discovery, exactly what training policies were in place or how they were adopted." *Carter*, 181 F.3d at 358.  Instead, Plaintiffs need only allege facts that would allow the Court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

9

678.  Plaintiffs have alleged that Defendant's admission that it carries an unconstitutional policy, custom, and practice, *at a minimum*, supports the reasonable inference that Defendant has failed to properly train and supervise its agents and employees.   Again, the Magistrate correctly determined that Plaintiffs' proposed Amended Complaint sufficiently alleged a failure to train.

**D.      The Complaint Properly Alleges that the City Is the "Moving Force".[4]**

Finally, the Magistrate found that Plaintiffs proposed Amended Complaint alleged sufficient facts to show that the Defendant municipality is the moving force behind the injuries alleged by Plaintiffs.  (D.I. 52, at 22).  In support of her position, the Magistrate stated, "[a]ssuming the truth of the amended complaint's factual allegations regarding the three incidents and the turnkey log, the amended complaint plausibly alleges that the WPD's custom of handcuffing, searching, transporting, and imprisoning individuals based on reasonable suspicion resulted in plaintiffs' injuries."  *Id*.

Indeed, Plaintiffs have alleged sufficient facts in the proposed Amended Complaint to show that the City implemented a written policy which is flawed on its face, and which deprives people of their constitutional rights when put into practice.  As a result, the "moving force" requirement is satisfied, and the proposed Amended Complaint should be sustained.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should reject the Defendant's Objections to the Magistrate's Report and Recommendations as they pertain to: Plaintiff's Motion to Amend Complaint;  Defendant's Motion to Dismiss or to Strike, and Defendant's Motion for Protective Order, only.

---

[4] Defendant does not address this issue in its Objections.

10