# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Jayvon Wright, Antonine Medley, and Keith Murrey, individually, and on behalf of a Class of others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>City of Wilmington,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C. A. No. 13-1966-SLR-SRF<br>)<br>)<br>)<br>)<br>) |

### THE CITY OF WILMINGTON'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

OF COUNSEL:

Michael P. Migliore
Rosamaria Tassone-DiNardo
City of Wilmington Law Department
City/County Building, 9th Floor
800 N. French Street
Wilmington, DE 19801
(302) 576-2175

C. Malcolm Cochran, IV (#2377)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
Cochran@rlf.com
Haynes@rlf.com
Flynn@rlf.com

*Attorneys for Defendant*
*City of Wilmington*

Dated: March 1, 2016

RLF1 13973301v.1

## TABLE OF CONTENTS

    **Page**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................1

    I.    THE MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED. ................2

        A.    The Proposed Class is Not Ascertainable. .......................................................2

        B.    Numerosity is Mere Speculation. ....................................................................4

        C.    Plaintiffs Cannot Establish Typicality. ............................................................5

        D.    Plaintiffs Have Not Established Adequacy. ....................................................6

        E.    The Proposed Class Does Not Meet the Requirements of Fed. R. Civ. P. 23(b)(2) or 23(b)(3). ......................................................................................7

            1.    23(b)(2). ..............................................................................................7

            2.    23(b)(3). ..............................................................................................8

    II.    THE MOTION TO COMPEL SHOULD BE DENIED BECAUSE CLASS CERTIFICATION IS UNWARRANTED AS A MATTER OF LAW. .....................9

CONCLUSION ................................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Beck v. Maximus, Inc.*,
　457 F.3d 291 (3d Cir. 2006) ................................................................................................... 6

*Behrend v. Comcast Corp.*,
　245 F.R.D. 195 (E.D. Pa. 2007) .............................................................................................. 4

*Gates v. Rohm & Haas Co.*,
　655 F.3d 255 (3d Cir. 2011) ................................................................................................... 7

*Hayes v. Wal-Mart Stores, Inc.*,
　725 F.3d 349 (3d Cir. 2013) ........................................................................................... 2, 4, 5

*In re Hydrogen Peroxide Antitrust Litig.*,
　552 F.3d 305 (3d Cir. 2008) ................................................................................................ 1, 5

*Illinois v. Gates*,
　462 U.S. 213 (1983) ................................................................................................................ 3

*Marcus v. BMW of North America, LLC*,
　687 F.3d 583 (3d Cir. 2012) ........................................................................................... 1, 2, 9

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
　259 F.3d 154 (3d Cir. 2001) ................................................................................................ 4, 6

*In re Schering Plough Corp. ERISA Litig.*,
　589 F.3d 585 (3d Cir. 2009) ................................................................................................ 5, 6

*Semenko v. Wendy's Int'l, Inc.*,
　No. 2:12-cv-836, 2013 WL 1568407 (W.D. Pa. Apr. 12, 2013) ............................................. 9

*Stinson v. City of New York*,
　282 F.R.D. 360 (S.D.N.Y. 2012) ............................................................................................ 3

*Wal-Mart Stores, Inc. v. Dukes*,
　131 S. Ct. 2541 (3d Cir. 2011) ......................................................................................... 4, 6, 7

**STATUTES & RULES**

Fed R. Civ. P. 23(a)(1) ................................................................................................................... 4

Fed. R. Civ. P. 23(a)(4) .................................................................................................................. 6

Fed. R. Civ. P. 23(a) ...................................................................................................................... 1

Rule 23(b)(2) .......................................................................................................................... 2, 7

Rule 23(b)(3) .......................................................................................................................... 2, 8

# INTRODUCTION

Plaintiffs seek to certify a class of "[a]ll persons who have been handcuffed, transported, searched, and imprisoned by the Wilmington Police Department based only upon reasonable suspicion of a crime" since November 22, 2011. (D.I. 3 at 1). The Magistrate Judge correctly decided that Plaintiffs' motion for class certification should be denied because the proposed class is not ascertainable and Plaintiffs cannot establish numerosity, typicality, or adequacy. The proposed class is not ascertainable because "mini-trials" would be necessary to determine whether probable cause exists under the unique facts of each claim and, thus, whether the claims is, in fact, properly a member of the class. Moreover, Plaintiffs have failed to establish numerosity, typicality, or adequacy. The Magistrate Judge also correctly decided that the proposed class does not meet the requirements of either Rule 23(b)(2) or 23(b)(3).

Accordingly, this Court should adopt the Magistrate Judge's recommendation that the motion for class certification be denied. The Court should also deny the Motion to Compel.

# ARGUMENT

To obtain class action certification, the Plaintiffs bear the burden of establishing by a preponderance of the evidence the four elements set forth in Federal Rule of Civil Procedure 23(a). *Marcus v. BMW of North America, LLC*, 687 F.3d 583, 591 (3d Cir. 2012). Specifically, the Plaintiffs must establish: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. Fed. R. Civ. P. 23(a); *see also In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 307 (3d Cir. 2008). In addition, the Third Circuit has adopted an ascertainability requirement, which is "an essential prerequisite" to class certification. *See Marcus*, 687 F.3d at 592.

In addition to establishing all four elements set forth in Rule 23(a), Plaintiffs must also establish that the class meets at least one of the requirements set forth in Rule 23(b). Plaintiffs seek certification under both Rules 23(b)(2) and 23(b)(3). A Rule 23(b)(2) class is one in which

1

"final injunctive . . . or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). A Rule 23(b)(3) class is properly formed when common questions of law or fact "predominate" so that "a class action is superior to other available methods . . . ." Fed. R. Civ. P. 23(b)(3).

## I.  THE MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED.

### A.  The Proposed Class is Not Ascertainable.

The Magistrate Judge correctly decided that the class is not ascertainable. "[A]scertainability entails two important elements. First, the class must be defined with reference to objective criteria. Second, there must be a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013) (internal citations omitted). Thus, where the members of the class cannot be identified "without extensive and individualized fact-finding or 'mini-trials' . . . [class certification] is inappropriate." *Marcus*, 687 F.3d at 593.

Here, there is no "reliable and administratively feasible mechanism for determining" class membership. *Hayes*, 725 F.3d at 355. The Plaintiffs' proposed class would include "all persons who have been handcuffed, transported, searched, and imprisoned by the Wilmington Police Department based only upon reasonable suspicion of a crime." (D.I. 3 at 1). To determine who falls into Plaintiffs' proposed class (and who does not), the Court would have to conduct individual inquiries into each and every police detention undertaken in the City of Wilmington since November 22, 2011 and determine that there was handcuffing, transportation, search *and* imprisonment. The Court would then have to determine on a case by case basis whether (i) the imprisonment, search, handcuffing, and transport were supported by "reasonable suspicion" or more, and (ii) if not supported by "probable cause," whether the police conduct otherwise properly fell within the bounds of the law. The necessary judicial inquiries would thus

2

be highly fact specific, and would turn, in each case, on the unique facts and circumstances presented by the underlying incident. *See, e.g.*, *Illinois v. Gates*, 462 U.S. 213, 232 (1983) ("[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules.").

Plaintiffs cite to *Stinson v. City of New York*, 282 F.R.D. 360 (S.D.N.Y. 2012) as an example where a court found that a proposed class challenging a pattern and practice of the police department was ascertainable. *Stinson* involved a challenge to the NYPD's alleged "pattern and practice of issuing summonses to individuals without probable cause." *Id.* at 363. The plaintiffs in *Stinson* alleged that the NYPD instructed its officers "to issue summonses regardless of whether any crime or violation has occurred in order to meet a minimum quota requirement set forth by the NYPD." *Id.* The plaintiffs proposed a class that would include "all persons who have been or will be issued a summons in the absence of probable cause for offenses that were never committed and whose summonses were ultimately dismissed prior to trial." *Id.* at 374 (quotations omitted). The Court, however, narrowed the plaintiffs' proposed class to include only "individuals who were issued summonses that were later dismissed upon a judicial finding of facial insufficiency and who were ticketed without probable cause" and found that such class would be ascertainable. *Id.* at 377.

*Stinson* is distinguishable from the present case. In *Stinson*, the class was limited to those individuals whose summonses had been reviewed by a judicial fact finder and a judicial determination had been made that the particular summons had been issued without probable cause. *See id.* at 377. Indeed, the court in *Stinson* specifically noted that "[m]erely being issued a ticket that was later dismissed is not, by itself, considered tantamount to having been ticketed without probable cause." *Id.* at 377.

3

Plaintiffs in this case seek to certify a class of individuals who were "handcuffed, transported, searched, and imprisoned by Wilmington Police Department based only upon reasonable suspicion of a crime." (D.I. 3 at 1). Plaintiffs propose to identify potential members of the class by reviewing certain logs maintained by the Wilmington Police Department. Those logs, however, include information relating to all prisoners, regardless of whether there was probable cause to arrest, charges filed, or the individuals were ultimately convicted. The fact that an individual may have been detained by the Wilmington Police Department and not charged with a crime is not equivalent to a judicial finding that probable cause did not exist at the time of the detention. Unlike in *Stinson*, there has been no judicial determination of a lack of probable cause as it relates to Plaintiffs' proposed class in this action. Accordingly, the proposed class is not ascertainable, and the Motion for Class Certification should be denied.

B.  **Numerosity is Mere Speculation.**

Numerosity requires a finding that the putative "class is so numerous that joinder of all members is impracticable." Fed R. Civ. P. 23(a)(1); *see Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 168 (3d Cir. 2001). "A party seeking class certification must . . . be prepared to prove that there are *in fact* sufficiently numerous parties . . . ." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (emphasis in original). "Mere speculation as to the number of class members—even if such speculation is 'a bet worth making'—cannot support a finding of numerosity." *Hayes*, 725 F.3d at 357.

Plaintiffs seek certification of a class based on only three specific incidents as alleged in the proposed Amended Complaint, involving five individuals. The Third Circuit generally has approved classes of forty or more. *See, e.g.*, *Behrend v. Comcast Corp.*, 245 F.R.D. 195, 202 (E.D. Pa. 2007). The Third Circuit has held that "where a putative class is some subset of a larger pool, the trial court may not infer numerosity from the number in the larger pool alone."

4

*Hayes*, 725 F.3d at 358. "Similarly, the trial court cannot take a wait-and-see approach to numerosity or any other requirement of Rule 23." *Id.* While the Plaintiffs apparently hope that discovery (and, presumably, myriad mini-trials) will identify numerous "members" of their putative class, the trial court must "consider carefully all relevant evidence and make a definitive determination that the requirements of Rule 23 have been met before certifying a class." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d at 320. "A party's assurance to the court that it intends or plans to meet the requirements is insufficient." *Id.* at 318.

In any event, pre-certification discovery would be futile for at least two reasons. First, as discussed above, the logs Plaintiffs contend will assist them in identifying class members do not provide information sufficient to identify class members and, therefore, would not provide a basis for this Court to hold that the numerosity requirement is met. Second, for the reasons discussed below, Plaintiffs have not established that the proposed class will meet any of the requirements of Fed. R. Civ. P. 23(b). Accordingly, Plaintiffs have not established numerosity, and the Motion for Class Certification should be denied.

### C. Plaintiffs Cannot Establish Typicality.

In assessing typicality, courts in the Third Circuit consider the following elements:

> (1) the claims of the class representative must be generally the same as those of the class in terms of both (a) the legal theory advanced and (b) the factual circumstances underlying that theory; (2) the class representative must not be subject to a defense that is both inapplicable to many members of the class and likely to become a major focus of the litigation; and (3) the interests and incentives of the representative must be sufficiently aligned with those of the class.

*In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 599 (3d Cir. 2009). The presence of an "arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class . . . ." *Id.* at 598-99 (quoting *J.H. Cohn & Co. v. Am. Appraisal Assocs.*, 628 F.2d 994, 999 (7th Cir. 1980)).

5

Plaintiffs cannot establish typicality because the claims of each putative class member would be based on unique, distinct factual circumstances. Moreover, whether probable cause or other justification was present would require separate and individualized fact finding under the unique circumstance presented in each case. It should also be noted that one of the named plaintiffs, Jayvon Wright, was in fact charged with two crimes, thus negating the inference that probable cause was absent. Further, no showing can be made sufficient to characterize as "representative" any injury suffered by the named Plaintiffs where factors such as the length of detention, the nature and extent of any physical injury, or other special damages would require individualized proof and judicial determination in each and every case. *See Dukes*, 131 S. Ct. at 2561. Again, for the reasons discussed above, the facts of the *Stinson* case are distinguishable from the facts alleged here because probable cause (or lack thereof) had already been judicially determined in the *Stinson* case. Plaintiffs, thus, have failed to establish typicality.

### D.    Plaintiffs Have Not Established Adequacy.

Under Rule 23(a), the class representative(s) must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy inquiry is divided into two parts: "(1) whether the representatives' interests conflict with those of the class and (2) whether the class attorney is capable of representing the class." *Newtown*, 259 F.3d at 185.

Mr. Wright fails to qualify for the proposed class because he was ultimately arrested and charged with loitering and disorderly conduct. Moreover, the proposed Amended Complaint does not allege any facts regarding the reasons for detaining Messrs. Murrey, Medley, Griffin, or El. "Because of the similarity of [the typicality and adequacy] inquiries, certain questions—like whether a unique defense should defeat class certification—are relevant under both. *Beck v. Maximus, Inc.*, 457 F.3d 291, 296 (3d Cir. 2006); *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d at 602 ("There are clear similarities between the components of the typicality inquiry

6

relating to the absence of unique defenses and alignment of interests, and this second part of the adequacy inquiry that focuses on possible conflicts of interest."). Here, each plaintiff's claim would be subject to unique defenses. Accordingly, class certification should be denied.

### E. The Proposed Class Does Not Meet the Requirements of Fed. R. Civ. P. 23(b)(2) or 23(b)(3).

#### 1. 23(b)(2).

Rule 23(b)(2) is directed to a class where "final injunctive . . . or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). However, "[t]he 'disparate factual circumstances of class members' may prevent a class from being cohesive and, therefore, make the class unable to be certified under Rule 23(b)(2)." *Gates v. Rohm & Haas Co.*, 655 F.3d 255, 264 (3d Cir. 2011). Further, Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Dukes*, 131 S. Ct. at 2557. "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Id.*

In the proposed Amended Complaint, Plaintiffs seek "[a] judgment against Defendant . . . awarding damages to Plaintiffs and each Member of the Proposed Class in an amount to be determined by a jury and/or the Court on both an individual and a Class-wide basis." (D.I. 30, Ex. A at 19, ¶ 2). Plaintiffs also seek a declaratory judgment declaring defendants' policy, custom, and practice unconstitutional and an injunction enjoining Defendant from perpetuating an unconstitutional policy and custom. *Id.* ¶¶ 3-4. Plaintiffs also seek "[a]ll lawful damages, including compensatory damages in an amount to be determined, against Defendant" as well as attorneys' fees and costs. (*Id.* ¶¶ 5-6).

7

The Magistrate Judge correctly determined that the "requested money damages are not incidental to the injunctive and declaratory relief sought." D.I. 52 at 14. To determine each class member's monetary damages, the Court would be required to conduct individualized fact finding concerning the circumstances of the class member's detention. Injunctive or declaratory relief would also be unique to the individual factual scenarios adduced at trial. Plaintiffs' proposed class does not meet the requirements of Fed. R. Civ. P. 23(b)(2), and class certification should be denied.

### 2. 23(b)(3).

Rule 23(b)(3) permits class certification where, in addition to the 23(a) requirements:

> [T]he court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

As discussed, the present case requires individualized findings of factual circumstances and legal justifications concerning each detention. Such individualized analysis precludes class certification. As the Magistrate Judge concluded, "the predominance requirement cannot be met when each individual's 'claim raises radically different factual and legal issues from those of other plaintiffs.'" (D.I. 52 at 15 (citing *Georgine v. Amchem Prods. Inc.*, 83 F.3d 610, 618 (3d Cir. 1996))).

Plaintiffs' proposed class does not meet the requirements of Rule 23(b). Accordingly, the Court should deny class certification.

## II. THE MOTION TO COMPEL SHOULD BE DENIED BECAUSE CLASS CERTIFICATION IS UNWARRANTED AS A MATTER OF LAW.

The Court should deny Plaintiffs' Motion to Compel because no amount of discovery could establish that the proposed class action can be maintained. The Court has broad discretion to limit pre-certification discovery and may deny class certification before discovery where "'no amount of additional class discovery will alter the conclusion' that the class is not maintainable." *Semenko v. Wendy's Int'l, Inc.*, No. 2:12-cv-836, 2013 WL 1568407, at *2 (W.D. Pa. Apr. 12, 2013) (quoting *Thompson v. Merck & Co., Inc.*, 2004 WL 62710, at *2 (E.D. Pa. Jan. 6, 2004)).

For the reasons set forth herein, class certification is unwarranted as a matter of law. The ascertainability element cannot be met because "mini-trials" would be required for each proposed member of the class to determine whether probable cause (or some other justification) existed to justify the "handcuffing, transporting, searching, and imprison[ment]" of purported class members. *Marcus*, 687 F.3d at 593 ("If class members are impossible to identify without extensive individualized fact-finding or 'mini-trials ' then a class action is inappropriate."). No amount of discovery can cure this defect. Accordingly, the Motion to Compel should be denied.[1]

## CONCLUSION

For the foregoing reasons, the Motion for Class Certification and the Motion to Compel should be denied.

---

[1] Plaintiffs filed their Motion to Compel in response to the City's Motion for Protective Order, which the City addressed in its Objections to Report and Recommendations of Magistrate Judge (D.I. 53). For the same reasons the Motion to Compel should be denied, the Motion for Protective Order should be granted.

|  |  |
|---|---|
| OF COUNSEL:<br>Michael P. Migliore<br>Rosamaria Tassone-DiNardo<br>City of Wilmington Law Department<br>City/County Building, 9th Floor<br>800 N. French Street<br>Wilmington, DE 19801<br>(302) 576-2175 | */s/ C. Malcolm Cochran, IV*<br>C. Malcolm Cochran, IV (#2377)<br>Christine D. Haynes (#4697)<br>Richards, Layton & Finger, P.A.<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>Cochran@rlf.com<br>Haynes@rlf.com<br><br>*Attorneys for Defendant*<br>*City of Wilmington* |

Dated: March 1, 2016