IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAYVON WRIGHT, ANTOINE MURREY, and KEITH MEDLEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 13-1966-SLR/SRF ) |
| CITY OF WILMINGTON, | ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 31st day of March, 2016, having reviewed the Report and Recommendation ("R&R") issued by the Honorable Sherry R. Fallon on January 28, 2016 (D.I. 52), as well as the objections thereto and the papers (D.I. 53, 55, 58, 59) filed in connection therewith;

IT IS ORDERED that the R&R is adopted, and objections are overruled, for the following reasons:

1. **Standard of Review.** The court is charged with conducting a de novo review of the magistrate judge's report and recommendation to which specific, written objections are made. 28 U.S.C. § 636(b)(1); *see also Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The court may "accept, reject, or modify the report of the magistrate judge, on whole or in part, the findings and recommendations of the magistrate judge." 28 U.S.C. § 636(b)(1). Although review is de novo, the district court, in exercising its sound discretion, is permitted to rely on the recommendations of the

magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 676-677 (1980); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

    2. **Background.** Plaintiffs object to the Magistrate Judge's recommendation that the court deny plaintiffs' motion for class certification, as well as the recommendation that the motion to compel be denied. (D.I. 55) They contend that the R&R is flawed because the findings with respect to class certification and pre-certification discovery are inconsistent with controlling precedent. Specifically, plaintiffs argue that the Magistrate Judge failed to follow the analysis used in *Stinson v. City of New York*, 282 F.R.D. 360 (S.D. N.Y 2012) on allegations of an unconstitutional pattern and practice by a police department, similar to the claims at bar. Defendant counters that *Stinson* is distinguishable and non-binding authority. (D.I. 55)

    3. Defendant objects to the Magistrate Judge's recommendation to deny its motion to dismiss as moot and to grant plaintiff's motion to amend the complaint, arguing that the proposed amended complaint would not cure deficiencies (failure to state claims regarding an unconstitutional policy and an unconstitutional custom and practice) found in the original complaint. (D.I. 53) Plaintiffs respond, asserting that the Magistrate Judge did not err in finding the amended complaint was warranted and sufficient. (D.I. 58)

    4. **Discussion.** Beginning with the class certification objection to the R&R, the Magistrate Judge properly commenced the analysis by setting forth the four requirements under Rule 23(a), before turning to the Third Circuit's additional requirement - ascertainability. *Carrera v. Bayer Corp.*, 727 F.3d 300, 306-307 (3d Cir.

2013). The Magistrate Judge concluded that in order to ascertain members of plaintiffs' proposed class, the court would have to conduct "individualized fact-finding and mini-trials in contravention of Third Circuit precedent." (D.I. 52 at 7)

5. The court finds no error in this finding. In *Carrera*, the Third Circuit explained the reasoning behind the ascertainability requirement and encouraged courts to conduct a vigorous analysis to determine whether a plaintiff has demonstrated, by a preponderance of the evidence, that the class is "currently and readily ascertainable based on objective criteria." *Carrera*, 727 F.3d at 306 (quoting *Marcus v. BMW of North America, LLC*, 687 F.3d 583, 593 (3d Cir. 2012)). The R&R reflects a careful and well-reasoned consideration of the problems associated with sifting through police records to find which individuals were detained under the conditions set forth in the proposed class and then determining which of these individuals were detained based on reasonable suspicion or probable cause. Although plaintiffs maintain that the *Stinson* court successfully found ascertainability on similar facts, the court finds the case inapposite. The *Stinson* court modified the class "to capture only those summons dismissed for want of probable cause" and to "ensure that the class is not overly-inclusive, the class certified [was] defined to include individuals who were issued summonses that were later dismissed upon a judicial finding of facial insufficiency and who were ticketed without probable cause." *Stinson*, 282 F.R.D. at 377. Significantly, in *Stinson*, there were two levels of review: "first stage defect review" and then a judicial finding on facial insufficiency. *Id.* At bar, there has been no judicial determination of a lack of probable cause or reasonable suspicion with respect to plaintiffs' proposed

3

class. As a result, the Magistrate Judge correctly concluded that the identification of the potential members of the proposed class would require the court to engage in individualized fact finding and mini-trials.[1]

6. With respect to the recommendation to deny the motion to dismiss as moot and to grant amendment of the complaint, the court finds the R&R correctly considered the issues, appropriately concluded that amendment would not be futile, and did not abuse its discretion in so recommending. The allegations in the amended complaint (taken as true) sufficiently state violations of 42 U.S.C. § 1983 for the policy, custom, or practice and the failure to train claims.

7. **Conclusion.** The objections are overruled and R&R is adopted.

8. IT IS FURTHER ORDERED that:

    a. Plaintiffs' motion to certify class (D.I. 3) is denied. Plaintiffs' motion to compel (D.I. 17) is denied as moot. Plaintiffs' motion to amend (D.I. 30) is granted.

    b. Defendant's motions to dismiss (D.I. 10) and for a protective order (D.I. 15) are denied as moot.

    c. The case is remanded to Magistrate Judge Fallon to conduct a scheduling conference consistent with Fed.R.Civ.P. 16(b).

                                              /s/ Sue L. Robinson
                                         United States District Judge

---

[1] Given that the ascertainability requirement is an essential requirement for a class action, it is unnecessary to address the remaining objections to the R&R on class certification.