**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAYVON WRIGHT, ANTOINE MURREY, KEITH MEDLEY, GREGORY GRIFFIN, AND RASHAD EL, individually | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF WILMINGTON, | ) |
| | ) |
| Defendant. | ) |

C.A. No. 13-1966-SLR-SRF

## CITY OF WILMINGTON'S ANSWER TO AMENDED COMPLAINT

Defendant the City of Wilmington (the "City"), by and through its counsel, answers the Amended Complaint of Jayvon Wright, Antoine Murrey, Keith Medley, Gregory Griffin, and Rashad El (collectively, "Plaintiffs") as follows:

## JURISDICTION[1]

1.     The allegations in paragraph 1 contain legal conclusions to which no response is required.  To the extent a response is required, the City does not contest this Court's subject matter jurisdiction over this action.

2.     The allegations in paragraph 2 contain legal conclusions to which no response is required.  To the extent a response is required, the City does not contest venue.

## PARTIES

3.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

---

[1] The headings from the Amended Complaint are incorporated for placement purposes only and are not intended to be statements or admission by the City.

4.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8.      The City admits the allegations in the first sentence in paragraph 8.  The second sentence of paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is required, the City admits that the Wilmington Police Department is its police department, but otherwise denies the remaining allegations of the second sentence of paragraph 8 as containing inaccurate legal conclusions, among other reasons.  The third sentence of paragraph 8 constitutes a legal conclusion, to which no response is required; alternatively, the third sentence sets out an inaccurate legal conclusion and is for that reason denied.

## CLASS ACTION ALLEGATIONS

9.      The allegations in paragraph 9 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 9.

10.      The allegations in paragraph 10 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 10.

RLF1 14449475v.1

11.     The allegations in paragraph 11 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 11.

12.     The allegations in paragraph 12 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 12.

13.     The allegations in paragraph 13 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 13.

14.     The allegations in paragraph 14 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 14.

15.     The allegations in paragraph 15 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 15.

16.     The allegations in paragraph 16 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 16.

17.     The allegations in paragraph 17 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 17.

18.     The allegations in paragraph 18 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 18.

19.     The allegations in paragraph 19 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 19.

20.     The allegations in paragraph 20 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 20.

21.     The allegations in paragraph 21 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 21.

22.     The allegations in paragraph 22 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 22.

23.     The allegations in paragraph 23 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 23.

24.     The allegations in paragraph 24 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 24.

RLF1 14449475v.1

25.     The allegations in paragraph 25 purport to relate solely to a proposed class action. The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  To the extent a response is required, the City denies the allegations in paragraph 25.

## FACTS

### Facts Applicable to the Class Generally[2]

26.     The allegations in paragraph 26 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 26 as an inaccurate and incomplete statement of the law.

27.     The allegations in paragraph 27 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 27.

28.     Denied.

29.     The City admits that Officer James Gestwicki was deposed in a prior proceeding but objects to the use of such testimony in the instant action because the deposition testimony is subject to a Protective Order that permits it to be used only in connection with the prior proceeding.  The City further responds that the deposition testimony of Officer Gestwicki speaks for itself, was taken out of context and inaccurately characterized.  The City respectfully refers the Court to the transcript of Officer Gestwicki's deposition testimony for its complete and accurate contents.

30.     Denied.  By way of further response, the City admits that Ralph Schifano was deposed in a prior proceeding but objects to the use of such testimony in the instant action because the deposition testimony is subject to a Protective Order that permits it to be used only

---

[2] The Court has denied the Plaintiffs' motion for class certification.  The City's responses to paragraphs 26-46 should not be construed as an admission that the instant action can or should be maintained as a class action.

5

in connection with the prior proceeding.  The City further responds that the deposition testimony of Officer Schifano speaks for itself and is mischaracterized in paragraph 30 of the Amended Complaint.  The City respectfully refers the Court to the transcript of Officer Schifano's deposition testimony for its complete and accurate contents.

31.     Denied.  By way of further response, the City admits that Ralph Schifano was deposed in a prior proceeding but objects to the use of such testimony in the instant action because the deposition testimony is subject to a Protective Order that permits it to be used only in connection with the prior proceeding.  The City further responds that the deposition testimony of Officer Schifano speaks for itself and is mischaracterized in paragraph 31 of the Amended Complaint.  The City respectfully refers the Court to the transcript of Officer Schifano's deposition testimony for its complete and accurate contents.

32.     The City responds that WPD directive 6.10(K)(1) speaks for itself and respectfully refers the Court to WPD directive 6.10(K)(1) for its complete and accurate contents. Otherwise, denied.

33.     The allegations in paragraph 33 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 33.

34.     The allegations in paragraph 34 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 34.

35.     The City responds that WPD directive 6.10(K)(2) speaks for itself and respectfully refers the Court to WPD directive 6.10(K)(2) for its complete and accurate contents. Otherwise, denied.

36.     The City responds that WPD directive 6.10(K)(3) speaks for itself and respectfully refers the Court to WPD directive 6.10(K)(3) for its complete and accurate contents. Otherwise, denied.

37.     The allegations in paragraph 37 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 37.

38.     The allegations in paragraph 38 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 38.

39.     The allegations in paragraph 39 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 39.

40.     The allegations in paragraph 40 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 40.

41.     The allegations in paragraph 41 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 41.

42.     The allegations in paragraph 42 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 42.

43.     The allegations in paragraph 43 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 43.

44.     Denied.  By way of further response, the City admits that Ralph Schifano was deposed in a prior proceeding but objects to the use of such testimony in the instant action because the deposition testimony is subject to a Protective Order that permits it to be used only in connection with the prior proceeding.  The City further responds that the deposition testimony of Officer Schifano speaks for itself and is mischaracterized in paragraph 44 of the Amended

7

Complaint.   The City respectfully refers the Court to the transcript of Officer Schifano's deposition testimony for its complete and accurate contents.

45.     The allegations in paragraph 45 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 45.

46.     Denied.

## Facts Applicable to the Named Plaintiffs

### Jayvon Wright

47.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies them.

49.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies them.

50.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies them.

51.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies them.

52.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies them.

53.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them.

54.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.

55.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies them.

56.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies them.

57.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies them.

58.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies them.

60.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies them.

61.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies them.

62.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies them.

63.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies them.

64.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies them.

65.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies them.

66.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies them.

67.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies them.

68.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies them.

69.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies them.

70.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies them.

**Keith Medley and Antoine Murrey**

71.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore denies them.

72.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies them.

73.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies them.

74.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies them.

75.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies them.

76.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies them.

RLF1 14449475v.1

77.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies them.

78.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies them.

79.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore denies them.

80.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies them.

81.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore denies them.

82.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore denies them.

83.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies them.

84.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies them.

85.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 85 and therefore denies them.

86.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 86 and therefore denies them.

87.     The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore denies them.

RLF1 14449475v.1

Case 1:13-cv-01966-SLR-SRF   Document 64   Filed 04/29/16   Page 12 of 19 PageID #: 670

88.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore denies them.

89.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore denies them.

90.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies them.

91.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies them.

92.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies them.

93.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore denies them.

94.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 94 and therefore denies them.

95.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 95 and therefore denies them.

96.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore denies them.

97.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore denies them.

98.      The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies them.

RLF1 14449475v.1

99.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies them.

100.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies them.

101.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies them.

102.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies them.

103.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 103 and therefore denies them.

104.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies them.

105.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore denies them.

106.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore denies them.

107.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies them.

108.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies them.

109.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies them.

RLF1 14449475v.1

110.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies them.

111.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies them.

112.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies them.

**Gregory Griffin and Rashad El**

113.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies them.

114.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies them.

115.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies them.

116.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore denies them.

117.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore denies them.

118.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore denies them.

119.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore denies them.

120.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore denies them.

14

121.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore denies them.

122.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies them.

123.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore denies them.

124.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore denies them.

125.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore denies them.

126.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 126 and therefore denies them.

127.    The City is without information sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore denies them.

## COUNT I: VIOLATION OF 42 U.S.C. § 1983 *MONELL CLAIM*

128.    The City repeats and realleges each of its responses in the foregoing paragraphs as if fully set forth herein.

129.    The allegations in paragraph 129 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 129.

130.    The allegations in paragraph 130 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 130.

15

131.    The allegations in paragraph 131 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 131.

132.    The allegations in paragraph 132 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 132.

133.    The allegations in paragraph 133 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 133.

134.    The allegations in paragraph 134 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 134.

135.    The allegations in paragraph 135 purport to relate to a class action.  The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  The allegations in paragraph 135 also contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 135.

136.    The allegations in paragraph 136 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 136.

## COUNT II: DEMAND FOR DECLARATORY JUDGMENT

137.    The City repeats and realleges each of its responses in the foregoing paragraphs as if fully set forth herein.

138.    The allegations in paragraph 138 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 138.

139.    The allegations in paragraph 139 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 139.

## COUNT III: DEMAND FOR PRELIMINARY AND PERMANENT INJUNCTION

140.    The City repeats and realleges each of its responses in the foregoing paragraphs as if fully set forth herein.

141.    The allegations in paragraph 141 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 141.

142.    The allegations in paragraph 142 purport to relate to "new and/or prospective Members of the Class."  The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  The allegations in paragraph 142 also contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 142.

143.    The allegations in paragraph 143 purport to relate to "new and/or prospective Members of the Class."  The Court denied the Plaintiffs' motion for class certification and, therefore, no response is required.  The allegations in paragraph 143 also contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 143.

144.    The allegations in paragraph 144 contain legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations in paragraph 144.

## PRAYER FOR RELIEF

The City denies that Plaintiffs are entitled to any relief and requests that judgment be entered in its favor on the Plaintiffs' claims.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim that the City has adopted an unconstitutional policy, custom, practice, or pattern of "handcuffing, transporting, searching, and imprisoning individuals based only upon reasonable suspicion."

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim that the City failed to properly supervise and train its police officers.

## FOURTH AFFIRMATIVE DEFENSE

To the extent the Plaintiffs may have suffered damages or injuries, any acts or omissions by the City were not the proximate cause of any such damages or injuries.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish municipal liability under 42 U.S.C. § 1983 because they cannot demonstrate deliberate indifference on the part of the City.

RLF1 14449475v.1

## <u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiffs cannot establish municipal liability under 42 U.S.C. § 1983 because there have

been no violations of their individual Constitutional rights.

## <u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' detentions were supported by probable cause.

## <u>EIGHTH AFFIRMATIVE DEFENSE</u>

The class allegations should be stricken.


*/s/ C. Malcolm Cochran, IV*
C. Malcolm Cochran, IV (#2377)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
Cochran@rlf.com
Haynes@rlf.com

*Attorneys for Defendant*
*City of Wilmington*

OF COUNSEL:

Michael P. Migliore
Rosamaria Tassone-DiNardo
City of Wilmington Law Department
City/County Building, 9th Floor
800 N. French Street
Wilmington, DE 19801
(302) 576-2175


Dated:  April 29, 2016

19