## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JAYVON WRIGHT, ANTOINE MURREY,     )
KEITH MEDLEY, GREGORY GRIFFIN, AND     )
RASHAD EL, individually     )
    )
          Plaintiffs,     )
    )     C.A. No. 13-1966-SLR-SRF
     v.     )
    )     JURY TRIAL DEMANDED
CITY OF WILMINGTON,     )
    )     PUBLIC VERSION
          Defendant.     )

### AFFIDAVIT OF JAMES GESTWICKI

STATE OF DELAWARE     )
    ) ss.
COUNTY OF NEW CASTLE     )

Captain James Gestwicki did appear before the undersigned, a notary public for the State and County aforesaid and, being duly sworn, did depose and say as follows:

1.     I am James Gestwicki. I am a Captain with the Wilmington Police Department ("WPD") and the Commanding Officer the Human Resources Division. I have personal knowledge of the matters set forth herein.

2.     As a Captain and the Commanding Officer of the Human Resources Division, I am familiar with documents prepared and maintained by WPD, including criminal files, investigative reports, criminal records, search warrants, turnkey and arrest logs, and internal reports and investigations. In the course of Wilmington Police Department business, these documents are generally maintained as confidential and are not available to the public.

3.     I have reviewed the Protective Order entered in this case, which lists eight categories of confidential documents in paragraph 1. The categories of documents listed in

paragraph 1 of the Protective Order are confidential because they contain sensitive, non-public information concerning law enforcement procedures and techniques as well as sources of police information, including information relating to victims, witnesses, and confidential informants. Public disclosure of such documents could hinder criminal investigations, jeopardize the safety of police officers, undermine enforcement of the law, and present a risk to persons who have cooperated with the police.

4.      The documents and media files attached to Plaintiffs' June 15, 2017 letter consist of selected pages from the turnkey and arrest logs, the police reports relating to Plaintiffs Wright, Murrey, Medley, El, and Griffin, and the video interviews and photos of Plaintiffs Griffin and El as well as the WILCOM radio transmissions.  These documents meet the description of the categories of documents listed in paragraph 1 of the Protective Order.

5.      WPD maintains the confidentiality of its turnkey and arrest logs.  Disclosure of the turnkey and arrest logs—even if redacted to preclude access to the names of persons recorded on the logs—may nonetheless provide information that would be useful to criminals, who may well be able to discern the identities of persons listed on the logs if given access to other information, such as the date, time, charge information and arresting officer identity--all of which is recorded on the logs.  Disclosure of such information puts those persons at risk.  WPD relies on information provided by citizens to assist in its investigations and enforcement of the law.  Members of the public, including victims, witnesses, and confidential informants must feel comfortable providing information to the police without fear that they will face retribution or other risk to their safety.  Documents containing identifying information or information from which an individual's identity could be discerned are maintained as confidential to protect the privacy rights of individuals who cooperate with police.

RLF1 17713702v.1

6.      The turnkey logs may also disclose confidential police methods, including the timing and frequency with which WPD may bring individuals to the turnkey and release them without charge.  This information may be used by criminals in a variety of ways--including in the identification of confidential informants, and in attempting to discover WPD's practices in using confidential informants.

7.      Moreover, access to documents maintained in the Delaware Criminal Justice Information System ("DELJIS"), including police reports, which are prepared on the Law Enforcement Investigative Support System ("LEISS") is restricted by law.  Documents and information stored on DELJIS are confidential and may only be accessed for legitimate purposes. Unauthorized access to DELJIS can lead to suspension or termination of a user's access to DELJIS.

Further Affiant sayeth not.

James Gestwicki
Captain, Wilmington Police Department

SWORN TO AND SUBSCRIBED BEFORE ME THIS _15th_ day of June, 2017.

Wendy S. Cathers
Notary Public
My Commission Expires _____

WENDY S. CATHERS
MY COMMISSION
EXPIRES
JULY 9, 2017
NOTARY PUBLIC
STATE OF DELAWARE

RLF1 17713702v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2017, true and correct copies of the foregoing document were served, via e-mail, on the following:

Stephen P. Norman
The Norman Law Firm
30838 Vines Creek Road, Suite 3
Dagsboro, Delaware 19939

Richard H. Morse
ACLU FOUNDATION OF
DELAWARE
100 West 10th Street, Suite 706
Wilmington, DE 19801

/s/ *Christine D. Haynes*
Christine D. Haynes (#4697)
Haynes@rlf.com

RLF1 14422144v.1