

C. Malcolm Cochran, IV
302-651-7506
Cochran@rlf.com

November 7, 2017

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Gerald A. McHugh
United States District Court
 for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA  19106

REDACTED
PUBLIC VERSION

> Re: Wright, et al. v. City of Wilmington
> C.A. No. 13-1966-GAM

Dear Judge McHugh:

    In the original briefing on Plaintiffs' Motion for Class Certification, the Plaintiffs submitted neither the logs nor the count they now rely upon to demonstrate their purported class. The Plaintiffs apparently contend that the number of entries they would question is sufficient to warrant certification. The theory, however, is entirely speculative as there is no record evidence to support the claim that the log entries highlighted are intended to mean that a person was brought to the police station without probable cause.

    First, Plaintiffs' theory assumes that police officers never exercise discretion, in cases where probable cause is present (or believed to be present) not to charge an individual who is brought to the police station with probable cause.  Contrary to the Plaintiffs' assumption (which has no record support) there are many situations in which officers choose not to charge an individual, including (but not limited to) [REDACTED]

    Second, the Plaintiffs ignore the purpose of these logs and the information that is available (or, more accurately, is not available) to those who fill them out.  Contrary to the Plaintiffs' theory, the logs are not meant to capture the details of the case, nor whether there was or was not probable cause or articulable suspicion.  "These are, basically, tracking bodies." (Browne dep. 61; *see also* Sutton dep. 63).  In instances where a turnkey receives paperwork, such as a warrant or a capias, the turnkey can provide that charge information; where no specific paperwork is provided, the turnkey does not have additional information. (Sutton dep. 25-26).

The Honorable Gerald A. McHugh
November 7, 2017
Page 2

    Third, the Plaintiffs undertook no analysis of the logs other than to count the entries they find questionable.[1]  Their approach ignores portions of entries that do not fit with their speculative assumptions, including (by way of example and not by limitation):



---

[1] To put the numbers in context, in 2011, the Wilmington Police Department responded to 111,244 requests for service and completed 5,845 arrests.  In 2012, the Wilmington Police Department responded to 104,750 requests for service and completed 5,413 arrests.

The Honorable Gerald A. McHugh
November 7, 2017
Page 3



Finally, Plaintiffs' counts as stated in their charts are not reliable and include several items that, by Plaintiffs' own description, should not have been included:



The Honorable Gerald A. McHugh
November 7, 2017
Page 4

In short, Plaintiffs' submission, which consists of merely counting certain entries they find questionable, does nothing to demonstrate that "in fact" (*Walmart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)) there are sufficiently numerous parties, common questions of fact, etc., as related, *inter alia*, in the City's Supplemental Brief on 6.10K, filed contemporaneously herewith. Whether there is a class of individuals who have been brought to the Wilmington police station without probable cause, under Directive 6.10K or otherwise, will require claim specific discovery, and individual trials -- precluding certification under Rule 23(a) and (b), as reflected in the City's briefing. And a more fulsome review of the logs adds to the City's point: Each entry (and corresponding detention) will need to be taken on its own and will involve claim specific discovery, factual and legal analysis, and trial, to determine whether there was (i) a constitutional violation and, if so, (ii) whether Directive 6.10K was the cause (or "moving force"). Unique facts will be at issue, for each claim, in connection with both of these questions, precluding class certification for the reasons stated in the City's briefing, and argument.

Class certification is not appropriate in this case.

Respectfully,

*/s/ C. Malcolm Cochran, IV*

C. Malcolm Cochran, IV (#2377)
cochran@rlf.com

Enclosures

cc: All Counsel of Record (via CM/ECF and email)